# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

GERALD SHERMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:10-CV-01209-MJP

ORDER ON REPORT AND RECOMMENDATION

The Court, having received and reviewed:

1. Report and Recommendation (Dkt. No. 15)

2. Petitioner's Reprised Request for Stay (Dkt. No. 18)

3. Petitioner's Supplemental Response (Dkt. No. 24)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the Report and Recommendation is ADOPTED, and Petitioner's 2255 petition is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that Petitioner is DENIED a certificate of appealability.

ORDER ON REPORT AND RECOMMENDATION- 1

**Background**

The Court adopts and incorporates by reference the complete substantive and procedural background of this matter provided by Magistrate Judge Theiler in her Report and Recommendation, Dkt. No. 15 at 2-6.

**Discussion**

Petitioner was convicted by a jury of fifteen counts of wire, fraud, two counts of mail fraud and four counts of securities fraud. *See* CR05-181JCC, Dkt. 119. The Ninth Circuit has denied his attempt to overturn his conviction. Id., Dkt. No. 167. Petitioner has filed a 2255 motion to vacate, set aside or correct his sentence, alleging ineffective assistance of counsel, selective prosecution and both prosecutorial and judicial misconduct.

In her Report and Recommendation (R&R), Magistrate Judge Theiler addressed all of Petitioner's contentions and found them meritless. In his objections to the R&R (filed as a "Supplemental Response;" Dkt. No. 24), Plaintiff confines his responses to his "ineffective assistance" argument. In the spirit of Local Rule 7(b)(2), the Court will consider Petitioner's failure to respond to the R&R's findings regarding his other claims as evidence of his admission that the claims lack merit.

Concerning his contention that his sentence should be vacated or set aside on the grounds that he received ineffective assistance of counsel, Petitioner reiterates his claims that the failure to call certain witnesses in his behalf was prejudicial to his case. But he makes no attempt to rebut longstanding precedent holding that trial strategy, including whether to call a witness, "rests upon the sound professional judgment of the trial lawyer." Gustave v. United States, 627 F.2d 901.904 (9th Cir. 1980). "[S]trategic choices made after thorough investigation of law and

facts relevant to plausible options are virtually unchallengeable." Strickland v. Washington, 466 U.S. 668, 690 (1984). Regardless of whether these witnesses were available or not (and there is evidence that at least some of them were not able to be located or were unable for other reasons to appear at trial), nothing Petitioner has offered by way of evidence or argument has established that any of his counsel's strategic trial decisions failed to meet an objective standard of reasonableness.

That failure on Petitioner's part is addressed to the first prong of the two-prong "ineffective assistance of counsel" test established by Strickland. The second prong (that a reasonable probability exists that, but for counsel's alleged error, the result of the alleged proceedings would have been different; Id. at 687-94) also defeats Petitioner's claims here. Petitioner addresses none of his arguments to the numerous witnesses who testified to misrepresentations made by Petitioner during the course of their dealings with him. The jury chose to believe those witnesses and disbelieve Petitioner; the trial judge went so far as to state on the record that "Mr. Sherman intentionally lied on the stand regarding what he told his victims regarding potential risk they faced in giving him large sums of money or the reality of how he intended to use their money." CR05-181, Dkt. No. 165 at 12-13. Petitioner makes no case regarding how anything his counsel might have done differently would have produced a different outcome in the face of the totality of the evidence and the judge and jury's assessment of his credibility.

This Court agrees with the Magistrate Judge that the record does not demonstrate that counsel was uninformed about his client's case nor that his preparation, examination and cross-examination of witnesses was anything less than zealous and competent. Petitioner has failed to

demonstrate that his attorney's performance failed to achieve an objective standard of reasonableness or actually prejudiced the outcome of his case in any way.

Petitioner's objections cited two cases in support of his position. The first, Anders v. State of California, 386 U.S. 738 (1967), concerned the ineffectiveness of an appellate counsel who declined to file an appeal on his client's behalf without stating on the record his reasons for doing so. Although the issues before this Court do not concern the filing of an appeal on Petitioner's behalf and Anders was not an ineffective assistance of trial counsel case, the Court does not find that Petitioner's counsel's behavior here fell below the standard of "active advocacy" articulated by the Supreme Court in Anders.

Petitioner's second case, U.S. v. Griffy, 895 F.2d 561 (9th Cir. 1990), further concerns the "Anders obligation" of counsel who contend that their client's case has no merit on appeal (holding that counsel's duty upon withdrawal is to file a brief which includes "anything in the record which might arguably support the appeal"). Id. at 562 (quoting Anders, 386 U.S. at 744). The Court fails to see the relevance of the case beyond the requirement of "active advocacy," which the Court finds that Petitioner's counsel has met.

**Conclusion**

Petitioner has failed to satisfy his burden of proof on a 2255 motion; that motion will be DENIED and the matter will be DISMISSED with prejudice. Finding that petitioner has not made a substantial showing of the denial of a constitutional right (*see* 28 U.SC. § 2253(c)(2)) nor demonstrated that "jurists of reason could disagree with the district court's resolution of his constitutional claims or… conclude the issues presented are adequate to deserve encouragement to proceed further" (Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)), the Court also DENIES issuance of certificate of appealability to Petitioner.

The clerk is ordered to provide copies of this order to all counsel.

Dated July __18___, 2011.

Marsha J. Pechman
United States District Judge